IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| ALFREDO ADORNO MARTINEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 25-cv-03335-SRB |
| v. ) | |
| ) | |
| DONALD J. TRUMP, et al., ) | |
| ) | |
| Respondents. ) | |

**ORDER**

Before the Court is Petitioner Alfredo Adorno Martinez's ("Petitioner") Petition for Writ of Habeas Corpus. (Doc. #1.) For the reasons stated below, the petition is GRANTED.

Petitioner is a native of Mexico. He has lived in the United States for 18 years, residing with his partner and his U.S. citizen daughter. He supports his family by working at a nursery in their shipping and receiving department, where he has worked for 13 years. He does not have any criminal history or current criminal charges. On October 28, 2025, Petitioner was detained in Marengo, Illinois, after dropping off his daughter at day care. He is now being detained in Springfield, Missouri, where no removal proceedings have been initiated against him.

On November 12, 2025, Petitioner filed a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking his immediate release or, alternatively, a bond hearing. Petitioner argues that 8 U.S.C. § 1226 applies and he is eligible for release on bond. On November 21, 2025, Respondents filed their response to the petition, noting for the Court that "the substance of [their] brief is essentially identical to briefs filed with the Court in the past month in similar alien detention cases."[1] (Doc. #8, p. 2.) "To the extent that orders have been issued in [these] cases,

---

[1] *Andres v. Noem, et al.*, No. 25-03321-CV-S-MDH; *Eshdavlatov v. Olson, et al.*, No. 25-00844-CV-S-MDH; *Flores-Espinoza v. Arnott, et al.*, No. 25-00791-CV-W-RK; *Guzman Coa v. Noem, et al.*, No. 25-03323-CV-S-BP; *Hernandez-*

1

every order has denied the federal government's motion to dismiss and granted some form of habeas relief to the petitioner." *Id.*

After an independent and careful review of the record, the applicable law, and the parties' arguments, the Court ADOPTS the cited Courts' rulings. Petitioner is not subject to mandatory detention pursuant to 8 U.S.C. § 1225, and he is entitled to a bond hearing pursuant to 8 U.S.C. § 1226.

Accordingly, the Petition for Writ of Habeas Corpus (Doc. #1) is GRANTED as follows:

1. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a)(1).
2. Respondents must provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within ten (10) days of the date of this Order.
3. If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention and returned to a reasonable proximity of the geographical location of arrest.
4. Petitioner shall promptly report to the Court any failure to comply with this Order by Respondent.
5. Petitioner may submit an application for fees under the Equal Access to Justice Act within thirty (30) days of the entry of final judgment.
6. It is FURTHER ORDERED that Respondents are enjoined from relocating Petitioner outside the jurisdiction of this Court prior to complying with this Order.

---

*Cuevas v. Olson, et al.*, No. 25-00830-CV-W-BP; *Ifante v. Noem, et al.*, No. 25-03322-CV-S-MDH; *Mairena-Munguia v. Arnott, et al.*, No. 25-03318-CV-S-MDH; *Morales-Rodriguez v. Arnott, et al.*, No. 25-00836-CV-S-MDH; *Pozos-Ramirez v. Noem, et al.*, No. 25-03316-CV- S-MDH.

**IT IS SO ORDERED.**

                                                   /s/ Stephen R. Bough
                                                   STEPHEN R. BOUGH
                                                   UNITED STATES DISTRICT JUDGE

Dated: November 21, 2025